**UNITED STATES, Appellee,**

v.

**Private (E-1) Donald G. PROVANCE, SSN 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, United States Army, Appellant.**

**SPCM 13041.**

U. S. Army Court of Military Review.

18 Jan. 1978.

---

3. *See* n. 1, *supra*.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain Harry J. Gruchala, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

This case is before the Court for mandatory review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866.

Appellant was tried by special court-martial before a military judge alone for stealing $850.00 and a stereo receiver of a value of $313.00. Pursuant to his pleas, he was found guilty of wrongful appropriation of $850.00 and stealing the stereo receiver in violation of Article 121, Uniform Code of Military Justice (10 U.S.C. § 921). He was sentenced to a bad-conduct discharge, confinement at hard labor for five months, and forfeiture of $240.00 pay per month for six months. The convening authority affirmed only so much of the sentence as provided for a bad-conduct discharge and confinement at hard labor for 70 days.

During the sentence portion of appellant's trial the trial counsel offered and the military judge admitted, as prosecution exhibits, records of two Article 15 punishments. The appellate defense counsel alleges that these two prosecution exhibits consisting of nonjudicial punishment were improperly admitted into evidence based on the recent Court of Military Appeals case of *United States v. Booker.** Assuming without deciding that it was error to admit these Article 15's, I can not find any risk of prejudice.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

COOK, Judge, concurs in the results only.

CLAUSEN, Chief Judge, concurring in the result:

I concur in the result.

However, I do not believe that it was error for the trial judge to receive the two records of punishment imposed under Article 15, Uniform Code of Military Justice, as evidence.

The holding in the *Booker* case cited by Senior Judge Carne in his opinion related solely to the admissibility of a record of a conviction by a summary court-martial, particularly when an effort is made to use such conviction to enhance the imposable sentence under paragraph 127c, Section B, Manual for Courts-Martial, United States, 1969 (Revised edition).

Chief Judge Fletcher's remarks in the *Booker* opinion concerning Article 15, although not necessary to the disposition of the issue in that case, do reinforce what I consider always to have been the rule concerning the admissibility of a record of pun-

---

* 3 M.J. 443 (C.M.A.1977).

ishment under Article 15, which can only be used as evidence of character of prior service. To be admissible, a record of punishment under Article 15 must reflect that the individual was advised of his right to consult with counsel and that the individual voluntarily waived his statutory right to demand trial by court-martial.

The two exhibits admitted in this case both reflect that appellant was advised of his right to consult with counsel and each time was advised in writing where he might consult with counsel. Thereafter, in each instance, after being given a generous period of time to consult with counsel if he wished and to make up his mind, appellant himself completed the appropriate section of the form indicating he elected to accept punishment under Article 15 and he personally signed each of the forms to record his decision. In my view, all that was necessary to be done for these two documents to be admitted for the limited purpose for which they were used was done.