UNITED STATES, Appellee,

v.

Private (E–1) Jonas J. WASHINGTON, SSN 491–76–8934, United States Army, Appellant.

CM 436578.

U. S. Army Court of Military Review.

21 April 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Paul W. Jacobson, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

This case involves the applicability of *United States v. Booker*, 5 M.J. 238 (C.M. A.1977), regarding the admissibility of records of non-judicial punishment to the circumstances of this case. Specifically, does the *Booker* rule apply to Article 15's, 10 U.S.C. § 815, administered before the *Book-*

*er* decision but offered in evidence in a trial held after that decision.[1]

Counsel for both sides have presented helpful briefs on this issue. Without going into an analysis of the retroactivity rule or a detailed step-by-step application of it to this case, we conclude that the *Booker* rule should be applicable only to Article 15 punishments imposed after the date of that decision.

■ Even assuming full or partial retroactivity, however, there are two reasons for denying appellant relief here. First, the form used for recording the imposition of non-judicial punishment, as contrasted with the form used to record proceedings by summary courts-martial, meets the requirements of *Booker*. Second, even if the three records of punishment were inadmissible, the appellant was not prejudiced by those minor derelictions when the seriousness of his offense is considered.[2]

The findings of guilty and the sentence are affirmed.

Judge MITCHELL concurs.

DeFORD, Judge, concurring in the result:

I am unwilling at this time to apply that portion of the opinion in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), concerning non-judicial punishments as the law for the following reasons.

The United States Court of Military Appeal's views on the admissibility of the non-judicial punishments described in *Booker* with its constitutional overtones was not an issue either at trial or before the appellate courts. As such, those expressions or viewpoints not called for by the facts and circumstances of the case, while possibly giving an indication which way the law may develop in the future, are generally considered no more than obiter dictum and entitled to be weighed only insofar as those expressions, opinions, and reasons may justify the language of the holding which are supported by the factual circumstances of the case.[1]

The reasons for distinguishing dictum from a holding of a court has been said to be that a question actually before the court and decided by it is investigated with care and considered to its full extent, whereas other principles, although considered in their relation to the case decided, are seldom completely investigated and considered as to their possible bearing on other cases.[2]

The application by the courts, of prior precedent is not a rule of law but a matter of judicial policy described as the doctrine of stare decisis. The rationale behind the policy is the need to promote certainty, stability, and predictability of the law.[3]

Generally, the doctrine of stare decisis does not attach to such parts of a court's opinion which are dicta.[4]

Accordingly, I see no responsibility to apply the language in the *Booker* opinion concerning non-judicial punishments until such time as the United States Court of Military Appeals decides that issue in an appropriate case in which those factual circumstances are presented as an appellate issue.

---

1. We assume for the purposes of this decision that the language in *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), regarding Article 15's is binding precedent, notwithstanding the absence of the issue in that case and the absence of any followup decision in cases where the issue was properly presented. *But see United States v. Linam*, No. S13163 (A.C.M.R. 7 April 1978); *United States v. Provance*, 4 M.J. 819 (A.C.M.R. 18 January 1978).

2. Appellant received a bad-conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year for the theft of seven money orders.

1. *See Humphrey's Executor v. United States*, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935); *Henderson v. United States*, 237 F.2d 169 (CA 5, Fla. 19) 61 A.L.R.2d 666.

2. *Humphrey's Executor v. United States, supra. See also Fletcher v. Scott*, 201 Minn. 609, 277 N.W. 270 (1938) 114 A.L.R. 762.

3. *Warring v. Colpoys*, 122 F.2d 642 (CA, DC, 1941), *certiorari denied*, 314 U.S. 678, 62 S.Ct. 184, 86 L.Ed. 593 (1941).

4. *See Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). *See also* 61 A.L.R.2d 1119.