UNITED STATES, Appellee,

v.

Private First Class Jerry L. MATHEWS,
SSN 463–96–2921, United States
Army, Appellant.

SPCM 13189.

U. S. Army Court of Military Review.

17 May 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Paul W. Jacobson, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

COOK, Judge:

In an effort to comply with *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the trial judge in this case interrogated the appellant concerning the admissibility of an Article 15, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 815, record. The judge, however, failed to advise the appellant preliminarily of his right to decline to answer such inquiries. This is violative of the appellant's rights under the Fifth Amendment to the Constitution of the United States. *United States v. Gordon*, 5 M.J. 653 (A.C.M.R. 28 April 1978).

We find beyond a reasonable doubt, however, that the admission of this item of evidence did not inure to the prejudice of the appellant. *United States v. Moore*, 1 M.J. 390 (C.M.A.1976); *United States v. Ward*, 1 M.J. 176 (C.M.A.1975).

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CARNE concurs.

CLAUSEN, Chief Judge, concurring:

I agree that the procedure used by the military judge in this case violated the Fifth Amendment and also find a violation of Article 31, UCMJ. The military judge apparently based his decision to make a personal inquiry of appellant on the following dictum of the Court of Military Appeals: "If the exhibit does not affirmatively establish a valid waiver, the trial judge must conduct an inquiry *on the record* to establish the necessary information." *United States v. Booker*, 5 M.J. 238, 244 (C.M.A. 1977) (emphasis in original). While the quoted language lends itself to the construction placed upon it by this military judge, an accused should not be required to provide information which results in the

admission of evidence offered by the prosecution unless such a practice has been specifically and unequivocally mandated by a superior court.

I do not believe that *Booker* sanctions judicial inquiry of the accused to establish the admissibility of a record of punishment under Article 15, nor do I believe that it requires the trial judge to adduce evidence beyond that offered by the parties for that purpose. When the admissibility of any document is not clear from the evidence adduced, the only inquiry which the military judge should conduct is one which will prompt opposing counsel to develop their respective contentions, or which clarifies an ambiguity in the evidence. Certainly a trial judge should never become the proponent of evidence for the prosecution.

I believe, however, that a properly completed DA Form 2627, the form used by the Army for the administration of nonjudicial punishment, is admissible during the sentencing portion of the trial as evidence of the accused's character of service. *United States v. Gordon*, 5 M.J. 653 (A.C.M.R. 28 April 1978); *United States v. Provance*, 4 M.J. 819 (A.C.M.R.1978) (Clausen, C. J., concurring in the result). Accordingly, I join in affirming the findings and sentence.