**UNITED STATES, Appellee,**

v.

**Specialist Four Jerry A. MUMA, SSN 461–25–4985, United States Army, Appellant.**

**CM 436276.**

U. S. Army Court of Military Review.

25 May 1978.

Lieutenant Colonel John R. Thornock, JAGC, Captain Carlos A. Vallecillo, JAGC, and Captain R. Wade Curtis, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain Michael J. Hurley, JAGC, were on the pleadings for appellee.

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

Appellant was found guilty, in accordance with his pleas, of assault and battery, aggravated assault, and four specifications of communicating a threat. He was sentenced to a bad-conduct discharge, confinement at hard labor for eight months and 15 days, total forfeitures, and reduction to the grade of E–1.

### I

 Three documents, entitled "Rights Understanding," "Waiver of Rights in Guilty Plea Cases," and "Stipulation Showing Lack of Pretrial Agreement," were admitted at trial as appellate exhibits. These documents purport to restrict the post-trial use of evidence in connection with matters which could have been litigated at trial and contain other provisions which allegedly violate public policy. To the extent that these documents attempt to restrict the submission by the parties or use by this Court of properly admissible matters from outside the record of trial, they are hereby declared void. We find, however, for the reasons stated in *United States v. Onan*, 5 M.J. 514 (A.C.M.R. 24 April 1978), that, while the use of these documents by the military judge was not desirable, the providence of appellant's pleas was unaffected thereby.[1]

### II

 This Court has recently dealt with the sentencing procedures followed by this military judge during late 1976 and early 1977. *United States v. Caruth*, 5 M.J. 924 (A.C.M.R.1978) (*en banc*). Appellate defense counsel have not assigned as error the sentence practices utilized in this case. Indeed, appellant's pleas of not guilty at arraignment would have precluded his eligibility for whatever sentence consideration might have been afforded him under those procedures, even though he subsequently changed his pleas to guilty. There is no evidence in this record to suggest that the military judge gave any sentencing consideration whatever to appellant merely on the basis of the latter's failure to strike a plea bargain with the convening authority. While the sentence adjudged was lenient in comparison with the maximum authorized punishment and was within the range of punishments encompassed by the sentencing policy described in *United States v. Caruth, supra,* it was not markedly out of line with the average sentence adjudged for offenses of this type and does not, standing alone, establish that any sentencing agreement was reached in this case.

### III

 Appellant also asserts that the multiple representation of the appellant and his three co-accused at the joint Article 32, 10 U.S.C. § 832 investigation and at the joint Article 39(a) session of his trial resulted in the deprivation of his right to effective counsel. Our review of the record reveals no demonstrated conflicts of interest between the co-accused, particularly at the stages of the proceedings where multiple representation was present. Furthermore, the record establishes that the appellant had individual representation at his trial and expressed complete satisfaction with his legal representation after repeated ex-

---

1. We note the language, contained in yet another form and used in the questioning of appellant by the military judge *prior to arraignment*, to the effect that appellant's elections to be tried by a court consisting only of officer members and to be tried in common with three other co-accused were irrevocable. While this advice was incorrect, we find that appellant was neither prejudiced nor misled, as he subsequently was tried separately from the other three co-accused in a trial by military judge alone.

planations by the military judge of all his rights in that regard. Thus, under these facts, the holdings of the United States Court of Military Appeals in *Evans*[2] and *Davis*,[3] dealing with multiple representation at trial, are not applicable to the instant case.

The remaining assigned errors have been carefully considered and found to be without merit or nonprejudicial to the appellant's substantial rights.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge CLAUSEN concurs.

COOK, Judge, dissents:

For the reasons I have recounted at length in *United States v. Caruth*, 4 M.J. 924 (A.C.M.R.1978) (*en banc*), *United States v. Snyder*, CM 435858 (A.C.M.R. 28 April 1978) (*en banc*) (unpublished companion case to *Caruth, supra*), *United States v. Onan*, 5 M.J. 514 (A.C.M.R. 24 April 1978), and *United States v. Currie*, CM 436326 (A.C.M.R. 23 May 1978) (unpublished), I respectfully disagree with the majority in this case.

After convicting the appellant of offenses which all parties agreed carried a maximum permissible sentence of, *inter alia*, a dishonorable discharge and 12 years confinement, the trial judge sentenced appellant to a bad-conduct discharge, confinement for eight months and 15 days, and the usual accessory punishments. This comparatively favorable treatment was occasioned, in my estimation, by the announced agreement the trial judge had with counsel in this jurisdiction to the effect that whenever they pled an accused guilty, without a prior agreement with the convening authority, he, the trial judge, would reward their client, irrespective of the severity of the offenses involved, with a much lighter sentence.*

Additionally, the acceptance of appellant's plea is strewn with misinformative injunctions concerning the effect of his plea.

I would reverse.

---

2. *United States v. Evans*, 1 M.J. 206 (C.M.A. 1975).

3. *United States v. Davis*, 3 M.J. 430 (C.M.A. 1977). The military judge in this case knew from the outset of the Article 39(a) session that each accused would have individual counsel at trial. Accordingly, there was no need for the exact inquiry suggested in *Davis* because it was apparent that there would be no multiple representation at trial. In *Davis*, the Court of Military Appeals did not address the multiple representation that was present in that case prior to the actual trial, *i. e.*, at the Article 32 investigation, nor was there any specific inquiry adopted for that situation. We therefore conclude that such pretrial multiple representation in this case was nonprejudicial.

* The terms of the proposal, as originally announced by the trial judge in late 1976, included a requirement that the guilty plea be entered on arraignment. See facts set forth in *United States v. Caruth, supra, United States v. Snyder, supra*, and *United States v. Currie, supra*. That requirement apparently was not stringently enforced, however, as it was not imposed in this case. Appellant initially pled not guilty before this judge on 27 April 1977, which plea

the appellant changed to guilty on 31 May 1977. It appears from this, and other like cases, that the requirement that an accused not deal with the convening authority was of more importance to the trial judge than the entry of the guilty plea on arraignment. It is also interesting to note that on 27 April 1977 (in accordance with this judge's fetish for forms), after the appellant had entered his plea, had selected trial by a court with members and had expressed a desire to be tried at a common trial with two co-accused, the trial judge admitted into evidence a form which included assertions by the accused that his choice in these particulars was *irrevocable*. The judge not only admitted this document, but he questioned the appellant at length about its meaning and effect. Nevertheless, when the trial recommenced on 31 May 1977, and the appellant selected trial by judge alone and a trial without his criminal companions, not a word was uttered or explanation requested concerning the "irrevocability" of the appellant's earlier choices. These machinations are worthy of the Churchillian description relative Russia: "It is a riddle wrapped in a mystery inside an enigma."