**UNITED STATES**

v.

**Thomas C. MARTIN, 075 44 2425, Construction Apprentice E–2 U. S. Navy.**

**NCM 77 2227.**

U. S. Navy Court of Military Review.

Sentence Adjudged 7 Feb. 1977.

Decided 26 May 1978.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and BAUM and GLADIS, JJ.

BAUM, Judge:

Appellant was convicted of three unauthorized absences pursuant to his pleas and received a sentence which included a bad-conduct discharge. During the military judge's inquiry into the providence of appellant's pleas of guilty, as required by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the court reporter's recording equipment malfunctioned. From that point on, the reporter was unable to transcribe a verbatim record of trial. Accordingly, the record of the remaining portion of the *Care* inquiry, the findings, and the sentence proceedings were all prepared in summarized form. The convening authority, recognizing that a bad-conduct discharge may not be approved without a verbatim record, *United States v. Whitney*, 23 U.S.C.M.A. 48, 48 C.M.R. 519 (1974), ordered a rehearing on the sentence, at which a bad-conduct discharge was again imposed.

We now have before this Court an approved sentence which includes a bad-conduct discharge and is supported by a record with sentencing proceedings completely verbatim, but otherwise partially summarized. The staff judge advocate to the supervisory authority noted that such a record was still incomplete and attempted to correct matters by recommending disapproval of one finding of guilty, for which there was no verbatim record of appellant's factual account of the offense, and reassessment of the sentence. The supervisory authority followed this advice, thus, presenting this Court with the question of whether the record, although still summarized in part, is sufficiently verbatim to justify affirming a bad-conduct discharge.

■ As stated in *United States v. Boxdale*, 22 U.S.C.M.A. 414, 415, 47 C.M.R. 351, 352 (1973), "Insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript. *United States v. Donati*, 14 U.S.C.M.A. 235, 34 C.M.R. 15 (1963); *United States v. Nelson*, 3 U.S.C.M.A. 482, 13 C.M.R. 38 (1953)." For example, not every bench conference between trial judge and counsel must be recorded, *United States v. Richardson*, 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972); ". . . but one involving a ruling by the judge affecting rights of the accused at trial must be fully recorded if the transcript is to be verbatim." *United States v. Sturdivant*, 1 M.J. 256, 257 (C.M.A.1976). In *Sturdivant*, the unrecorded discussion dealt with the question of challenge of court members.

The Court of Military Appeals held that this subject was "substantial" and required a verbatim transcription *notwithstanding the fact that the substance of the discussion could reasonably be ascertained and no indication of legal error was apparent.* Furthermore, ". . . when . . . there is a substantial omission from the record, a presumption of prejudice results." *United States v. Boxdale, supra.* We are confronted, then, with the question of whether the summarized portions of the instant record of trial were of material matters which constituted substantial omissions, even though the subject covered could be reasonably ascertained with no legal errors inferred.

Omitted from this record of trial is a verbatim account of the following portions of the plea providence inquiry: the judge's explanation of the maximum permissible sentence and the fact that it could be imposed upon acceptance of the pleas alone; the accused's acknowledgment that he understood this advice; the judge's finding that the accused had knowingly, intelligently and consciously waived his rights against self-incrimination, trial of the facts and confrontation of the witnesses against him; and any additional interrogation deemed necessary by the judge in order to make a finding that the accused waived these rights. With respect to this last matter, the summarization merely states:

The military judge ascertained that the accused fully understood the ramifications of his admissions to all the charges, and that the accused had a desire to confess his guilt.

Finally, there is no showing whatsoever that the judge asked questions to ascertain whether a plea bargain existed, as required by *United States v. Green,* 1 M.J. 453 (C.M. A.1976).

■ We find that these omissions were substantial and render the record non-verbatim. Corrective action requires either disapproval of the bad-conduct discharge or the ordering of a complete rehearing on findings and sentence. Accordingly, the action of the supervisory authority is set aside. The record is returned to the Judge Advocate General for resubmission to the supervisory authority who may, in his discretion, reassess a sentence which does not include a bad-conduct discharge or order a rehearing.

Senior Judge DUNBAR and Judge GLADIS concur.