**UNITED STATES, Appellee,**

v.

**Maurice D. CANNON, Private, U. S. Marine Corps, Appellant.**

No. 34,413.

NCM 77 0665.

U. S. Court of Military Appeals.

July 5, 1978.

*Captain A. W. Eoff, II*, JAGC, USN, and *Captain G. M. Potter*, USMC, were on the pleadings for Appellant.

1. Those criteria are: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall v. Den-*

*Lieutenant Commander N. P. DeCarlo*, JAGC, USN, and *Lieutenant Sander Mednick*, JAGC, USNR, were on the pleadings for Appellee.

Opinion of the Court

PER CURIAM:

We granted review to determine whether the appellant was prejudiced by the use of a record of conviction by a summary court-martial to allow additional punishment under SECTION B, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition).

In *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the Court concluded that the decision of the United States Supreme Court in *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), required rejection of summary court-martial convictions for the purpose of the escalation clause of the cited *Manual* provision. Left for consideration is whether the *Booker* opinion will be applied retroactively. Applying the criteria set forth in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967),[1] and relied upon in *United States v. Jackson*, 3 M.J. 101 (C.M.A. 1977), we conclude that *Booker* should be applied only to cases tried or retried after publication of the *Booker* opinion, specifically October 11, 1977.

In this regard, we note that the retroactive application of *Booker* could adversely affect the trial of any case which not only involved the escalation clause, but any court-martial where records of Article 15 and 20[2] proceedings, without the requisite advice of counsel, were introduced during the extenuation and mitigation portion of the trial. Undoubtedly, this would include a tremendous number of cases with the ensuing disruption of the administration of military justice. Furthermore, prior to the

*no*, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967).

2. Articles 15 and 20, Uniform Code of Military Justice, 10 U.S.C. §§ 815 and 820, respectively.

Supreme Court's release of *Middendorf v. Henry, supra,* the authorities properly relied upon the characterization of a summary court-martial conviction as a criminal judgment. *See United States v. Alderman,* 22 U.S.C.M.A. 298, 46 C.M.R. 298 (1973).

The decision of the United States Navy Court of Military Review is affirmed.