**UNITED STATES, Appellee,**

v.

**Larry D. BOOKER, Private, United States Marine Corps, Appellant.**

No. 33,002.

NCM 76–1088.

U. S. Court of Military Appeals.

July 17, 1978.

Appearances: For Appellant—*Lieutenant Lawrence W. Muschamp*, JAGC, USNR (argued), *Captain A. W. Eoff II*, JAGC, USN (on brief), and *Lieutenant Christopher E. Henderson*, JAGC, USNR (on brief).

*Eugene R. Fidell, Esquire* (argued), *David F. Addlestone, Esquire* (on brief), *Thomas M. Geisler, Jr., Esquire* (on brief), as *amicus curiae* on behalf of the American Civil Liberties Union Foundation.

*Lieutenant Michael L. Kudalis*, USCGR (on brief), as *amicus curiae*.

For Appellee—*Lieutenant Michael E. Farrow*, JAGC, USNR (argued), and *Lieutenant Commander N.P. DeCarlo*, JAGC, USN (on brief).

*Colonel Julius C. Ullerich, Jr.* (on brief) as *amicus curiae* on behalf of the U.S. Air Force.

*Lieutenant Colonel R.R. Boller* (argued) and *Colonel Thomas H. Davis* (on brief), as *amicus curiae* on behalf of the Department of the Army.

*Lieutenant Commander A. T. Horsey*, USCG (argued), as *amicus curiae* on behalf of the U.S. Coast Guard.

Opinion of the Court

COOK, Judge:

We granted reconsideration of that part of an earlier opinion which limited summary court-martial subject-matter jurisdiction "solely . . . [to] minor military offenses unknown in the civilian society." *United States v. Booker*, 5 M.J. 238, 242 (C.M.A.1977). We now conclude the limitation is not required by the Constitution or by any explication thereof by the United States Supreme Court and is contrary to a valid provision of the Uniform Code of Military Justice. Accordingly, we rescind the ruling and reaffirm that "with the exception of capital crimes, nothing whatever *precludes* the exercise of summary court-martial jurisdiction over serious offenses"

in violation of the Uniform Code of Military Justice. *United States v. Moore*, 5 U.S.C.M.A. 687, 697, 18 C.M.R. 311, 321 (1955).

▮ Constitutionally, not all offenses in violation of the Code are triable by court-martial. As determined by the United States Supreme Court, a violation of the Code that occurs in the civilian community and is a crime cognizable in an American civilian court is not triable by court-martial unless the circumstances of the offense impart to it a military significance or service connection. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976). That limitation, however, is not involved here. What is at issue is whether the Constitution prohibits Congress from authorizing, as it has by Article 20, UCMJ, 10 U.S.C. § 820,[1] trial by a summary court-martial of a service-connected offense that would be regarded as serious if tried by a civil court in the civilian community.[2]

No provision of the Constitution denies to Congress the right to delimit the subject-matter jurisdiction of any military tribunal created by it pursuant to its constitutional authority to "make Rules for the Government and Regulation" of the armed forces. U.S.Const., Art. I, § 8, cl. 14. No case decided by the Supreme Court before *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), commanded any such curtailment of congressional authority. In this Court's first assessment of the Supreme Court's action in *Middendorf*, it perceived "underlying themes" that "mandated" the limitation propounded in *Booker*.

*Middendorf*, itself, gave no hint that a constitutional limitation of the kind postulated in *Booker* inhered in the constitutional doctrines discussed in the case. Both the majority opinion and the principal dissenting opinion acknowledged that, as presently empowered by Congress, a summary court-martial could try any service-connected, noncapital offense in violation of the Code and that approximately 14 per cent of the offenses tried by those courts are nonmilitary in nature.[3] Given these acknowledgements, one would suppose that some of the seven justices participating in the opinions would have commented on the matter, had they perceived it as a necessary result of the "themes" of the opinions. The silence of all leads ineluctably to the conclusion that none discerned the *Booker* limitation. Consequently, neither in text nor in inference, did *Middendorf* cast doubt on the constitutional power of Congress to allow summary courts-martial, with their limited power of sentence, to try such service-connected offenses as Congress deems appropriate.[4]

▮ To escape the effect of removal of the *Booker* perceived mandate of *Middendorf*, we are urged to reaffirm *Booker's*

1. In material part, Article 20, Uniform Code of Military Justice, 10 U.S.C. § 820, provides that 'summary courts-martial have jurisdiction to try persons subject to . . . [the Code, with specified exceptions] for any noncapital offense made punishable by" the Code. The legislative hearings indicate that Congress was fully informed, and understood, that while a summary court-martial was not likely to have many serious cases referred to it for trial because of its very limited sentence authority, under the language of the article, "a case even of murder" could be tried by it. Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services, 81st Cong., 1st Sess., p. 973 (1949).

2. The Manual for Courts-Martial, United States, 1969 (Revised edition), promulgated by the President, provides for certain restraints on the exercise by a commander of his general authority to refer a charge to a summary court-martial for trial. *See* Manual, *supra*, paragraphs 30*g* and 33*h*.

3. 425 U.S. 25, 40, n. 17, 96 S.Ct. 1281, 47 L.Ed.2d 556, 425 U.S. at 57–8 nn. 7 and 8, 96 S.Ct. 1281 (Marshall, J., dissenting); *see also* 425 U.S. at 50 n. 1, 96 S.Ct. 1281 (Powell, J., concurring).

4. In a separate opinion in which he was joined by Justice Blackmun, Justice Powell alluded to a difference between offenses that were "petty," in terms of civilian law, and those that were "serious, civil felonies," but his comments concerned the right of an accused to counsel, not to the power of Congress to authorize a summary court-martial to try an offense that was serious in civilian as well as military law. 425 U.S. at 50 n. 1, 96 S.Ct. 1281.

precept on the basis of our supervisory authority as the highest court in the military justice system. In *McPhail v. United States*, 1 M.J. 457, 463 (C.M.A.1976), we held that our supervisory authority comprehended power "to require compliance with applicable law from all courts and persons purporting to act" pursuant to the authority of the Code. To say that this Court has power to compel compliance with the Code from others subject to it does not free the Court from its own duty to comply with lawful provisions of the Code. We, too, cannot disregard a valid directive of Congress because we believe a different course may be wiser. *United States v. Ware*, 1 M.J. 282 (C.M.A.1976).

That part of the *Booker* decision is vacated which limits the jurisdiction of a summary court-martial "solely . . . [to] minor military offenses unknown in the civilian society."

Judge PERRY concurs.

FLETCHER, Chief Judge (dissenting):

I dissent as to the majority's broad conclusion on the jurisdiction of a summary court-martial.

The issue before this court for reconsideration does not merely entail the comparison of our challenged holding with the face of a federal statute, Article 20, Uniform Code of Military Justice, 10 U.S.C. § 820. *See United States v. Moore*, 5 U.S.C.M.A. 687, 697, 18 C.M.R. 311, 321 (1955). Rather, the proper resolution of the granted issue comprehends an analysis of our legal conclusion and its rationale in light of the judicial gloss placed on that statute by the Supreme Court in *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976). The opinion of the majority is unsatisfactory in this respect and, in my mind, is unresponsive to the implicit constitutional soundings taken by that Honorable Court in its role as the chief interpreter of what the law is. *See Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958).

In *United States v. Booker*, 5 M.J. 238, 242 (C.M.A.1977), I concluded, in writing for the majority, that:

In order to comply with the views expressed by the Supreme Court and to obtain results consistent with the underlying rationale of *Gagnon* and *Kent*, we find it necessary to limit summary courts-martial to disciplinary actions concerned solely with minor military offenses unknown in civilian society.

My reasons for this holding were delineated in great detail in the opinion. The majority opinion on reconsideration does not dissuade my belief in the validity and reasonableness of the challenged holding and its rationale. Accordingly, with slight exception, I will remain constant in their support, especially in the face of antedated and unsupported critical onslaughts.

Admittedly, my interpretation of Article 20, UCMJ, is restrictive. *See* J. Sutherland, *Statutory Construction.* (4th ed.) VOL 2a, § 54:06 (1973). Nonetheless, the application of the statute in this manner provides the practical foundation through which the statute may retain its viability with respect to the 5th and 6th amendment considerations articulated in *Middendorf v. Henry, supra*. The majority opinion for reconsideration fails to allay additional misgivings on my part with the potential for judicial mischief inherent in their broad interpretations of Article 20, UCMJ. Particularly, it is not inconceiveable that serious felony charges may be referred to this forum because weaknesses in the government case may be less subject to exposure at such a hearing without trained counsel, or a lack of funds renders more complex litigation unfeasible. Moreover, it is absurd to assume either justice or military discipline will be served by the dispensing of grossly disproportionate punishments of a lesser nature at summary court-martial for such serious offenses as murder, rape or aggravated assault. As indicated in my opinion in *United States v. Booker, supra*, I believe that the Supreme Court in *Middendorf v. Henry, supra*, clearly intimated, in view of articulated constitutional considerations, the proper stratification of offenses to be punished at a summary court-martial thereafter.

Nevertheless, I am not presently satisfied with the particular classifications of offenses made in *United States v. Booker, supra,* with respect to those offenses triable at a summary court-martial. Simply because the offense is known in some form in the civilian community, it is not axiomatic that the commanding officer forgo the use of this disciplinary mechanism provided by Congress for the special or general court-martial. "Minor military offenses unknown in the civilian society" must be viewed as well in the context of the distinctive qualities of the military community delineated by the Supreme Court in *Middendorf v. Henry, supra.* The touchstone for determining those offenses properly within the jurisdictional limitations implicitly set by the Supreme Court is perceived by me to be minor violations of military law which directly and primarily threaten the discipline, effectiveness and cohesiveness of the military unit. *See also Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Indeed, any minor offense committed within the military community, even if found in some form in the civilian community, may be punished at a summary court-martial if it constitutes, in the discretion of the commanding officer, a clear disruption to discipline and creates a concomitant obstacle to his performance of the military mission. Examples of such civilian type minor misconduct which may be punished at a summary court-martial are the commonly known "barrack's larceny", simple assaults resulting from brawling among service members and service-connected drug offenses. Such offenses, which might not be proscribed or prosecuted in the civilian community, possess an added significance within the military environment due to their challenge to the integrity of discipline within the military unit. On the other hand, if the gravamen of the offense is not primarily military or minor, and the offense constitutes an equivalent threat to that experienced in the civilian community, e. g., aggravated assault, the more appropriate constitutional course of action would be to handle it as a military justice matter at a special or general court-martial rather than a discipline matter at a summary court-martial.

This holding on reconsideration in no way changes the result reached in the case of *United States v. Booker, supra.* Accordingly, with the exception of the reservations just mentioned, I would affirm the decision as it originally was issued.