UNITED STATES, Appellee,

v.

**Private (E–1) William REMBERT, III,** SSN 059–56–0825, United States Army, Appellant.

CM 436884.

U. S. Army Court of Military Review.

30 Aug. 1978.

Q. Knowing all those things do you still want me to argue for a bad conduct discharge?

A. Yes.

Q. And is this against the advice I have given you?

A. Yes.

.    .    .    .    .

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

A. Yes.

A. Yes. ·

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Lee D. Schinasi, JAGC, and Captain James W. Hewitt, Jr., JAGC, were on the pleadings for appellee.

Before FULTON, TALIAFERRO and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

WATKINS, Judge:

Consistent with his pleas, the appellant was convicted of two specifications of robbery of United States currency from other servicemen in violation of Article 122, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 922. The approved sentence included a bad-conduct discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances.

Subsequent to findings, the trial counsel offered in evidence four records of punishment pursuant to Article 15, UCMJ, 10 U.S.C. § 815. Citing *United States v. Booker*, 3 M.J. 443 (C.M.A.1977), *republished* 5 M.J. 238 (C.M.A.1977), *opinion on reconsideration* 5 M.J. 246 (C.M.A.1978), defense counsel objected to the admissibility of these documents. The trial judge admitted two of the records, which were administratively completed prior to the *Booker* decision, and rejected the other two. Following the trial, in his post-trial review, the staff judge advocate advised the convening authority of the nature and substance of these rejected prosecution exhibits.

Appellant argues that the former two records of punishment were improperly admitted into evidence and, additionally, that it was error for the staff judge advocate to advise the convening authority of the two latter documents, which had been ruled inadmissible during the sentencing portion of the trial. Disposition of these assignments of error necessarily involves an interpretation of *United States v. Booker, supra*, a case which already has undergone some judicial refinement.[1]

At issue in that case was the question whether a record of conviction by a summary court-martial was properly admissible to authorize additional punishment under section B, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition). The Court of Military Appeals held that only a summary court-martial in which the accused was represented by counsel or had executed a valid waiver of counsel could be used for the purpose of enhancing punishment under the "escalator clause" of the Table of Maximum Punishments of the Manual. Where the accused elected disposition by a summary court-martial subsequent to receipt of advice of counsel regarding the right of removal, but was denied legal representation at the summary court-martial, such a record could be used in aggravation only as evidence of the character of prior service.

█ Initially, it is my view that the rule of *Booker, supra*, extends not only to records of summary court-martial but also to those of nonjudicial punishment. I regard the language of *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978), as persuasive in that regard. As to this case, it is necessary to examine the two documents of record to determine whether they evince a valid waiver of the right of removal for trial in a criminal proceeding. I note that in each instance appellant was advised of his right to demand trial by court-martial and, additionally, of the location of a lawyer with

1. Subsequent to republication of *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), the Court of Military Appeals, on reconsideration, modified its earlier holding in the case and ruled that summary court-martial jurisdiction was not limited solely to minor military offenses unknown in a civilian society, but, with the exception of capital crimes, could be extended over serious offenses in violation of the UCMJ. In *United States v. Cannon*, 5 M.J. 198 (C.M.A. 1978), the same high Court clarified the manner in which *Booker* is to be applied. The holding was that *Booker* is applicable only to cases tried or retried subsequent to 11 October 1977, the date of publication of the *Booker* opinion. The Court again lumped together Articles 15 and 20, 10 U.S.C. §§ 815 and 820, UCMJ, for the purpose of reiterating the *Booker* rule. Interestingly, neither *Booker* nor *Cannon* involved records of nonjudicial punishment imposed pursuant to Article 15, UCMJ (10 U.S.C. § 815).

whom he could consult in deciding what he wanted to do. In both circumstances, his decision was manifested by a check on the form indicating that "Trial by court-martial . . . is not demanded." Each of these entries was subscribed by the date, appellant's typed signature and rank, and, most importantly, his personal signature. Keeping in mind the underlying role of nonjudicial punishment within the military justice system (particularly its relationship to other punitive elements of the system), as well as federal criminal practice regarding the admissibility, during the post-findings phase of trial, of previously documented incidents of criminal misconduct on the part of the defendant (in the form of ex parte-type presentencing reports, or otherwise), I am satisfied that in the context of this case the questioned exhibits affirmatively establish a valid waiver of the right to demand trial by court-martial.[2] Accordingly, the former two records of nonjudicial punishment were properly admitted into evidence by the military judge.

■ With respect to appellant's other contention, that the staff judge advocate erred in advising the convening authority of the two records of nonjudicial punishment which had been excluded from evidence during the sentencing portion of the trial, I am unpersuaded that the comments of the staff judge advocate were improper in this instance.[3] Further, the irregularity, if any, was waived by the failure of the trial defense counsel to object to this information when he examined the staff judge advocate's post-trial review of the case.[4]

The findings of guilty and the sentence are affirmed.

TALIAFERRO, Judge, concurring in the result:

Unquestionably, the records of nonjudicial punishment involved herein are suffi-

cient to meet the requirements of *Booker*, however, I find no necessity to reach that question in this case. Nonjudicial punishment was not involved in *Booker*, nor in *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976) from which *Booker* flowed. I am not therefore willing to apply that portion of the *Booker* opinion, dealing with nonjudicial punishment, as the law in this case. *United States v. Taylor*, 5 M.J. 669 (A.C.M.R.1978).

FULTON, Senior Judge, dissenting:

I dissent. I agree with the author of the lead opinion that the Court of Military Appeals evidently intends that the *Booker* rule of admissibility apply to records of nonjudicial punishment as well as to records of trial by summary court-martial. *See United States v. Booker*, 5 M.J. 238 (C.M.A.1977), *modified*, 5 M.J. 246 (C.M.A.1978). The doubt I expressed in *United States v. Taylor*, 5 M.J. 669, 670 (A.C.M.R.1978) (Fulton, Sr. J., concurring), was dispelled by *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978), when the Court of Military Appeals again referred to nonjudicial punishment as being within the reach of *Booker*.

I also agree that the records of nonjudicial punishment involved in this case demonstrate that the individual was told of his right to confer with an independent counsel before he opted for nonjudicial disposition, that his waiver of removal to trial was in writing and that it was personally signed. The Court of Military Appeals has, however, imposed an additional requirement not met by the records in this case. Namely, that "it is imperative that this written waiver establish a voluntary, knowing, and intelligent decision to forego [sic] removal to a criminal proceeding which was done with sufficient awareness of the relevant

---

2. Of similar import are *United States v. Gordon*, 5 M.J. 653 (A.C.M.R.1978), and *United States v. Washington*, 5 M.J. 615 (A.C.M.R. 1978).

3. *See, e. g., United States v. Blake*, 50 C.M.R. 603 (A.C.M.R.1975); *United States v. Watkins*, 39 C.M.R. 696 (A.B.R.1968).

4. *See, United States v. Morrison*, 3 M.J. 408 (C.M.A.1977); *United States v. Barnes*, 3 M.J. 406 (C.M.A.1977); *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 . . . (1938), and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 . . (1970)." 5 M.J. at 243 n.20. The Court twice commanded that any ambiguity in this regard be dispelled before utilization of the evidence of punishment. *Id.* and 5 M.J. at 244.* The record before us fails to satisfy that requirement. Corrective action should be taken.

---

* The Court of Military Appeals seems to recognize that counsel might be waived, but evidently intends that, when the individual has waived counsel, it be established that the waiver of counsel was voluntary, knowing, and intelligent. *See Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *cf. United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977).