UNITED STATES, Appellee,

v.

Private (E-2) Richard A. DEAVERS, SSN 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, United States Army, Appellant.

SPCM 13681.

U. S. Army Court of Military Review.

11 May 1979.

---

Major Benjamin A. Sims, JAGC, Captain Maurice D. Healy, JAGC, and Captain Robert L. Gallaway, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Rolland S. Roup, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellant Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant, pursuant to his pleas, was convicted by a military judge sitting as a special court-martial of wilful damage to private property and multiple specifications of larceny in violation of Articles 109 and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 909 and 921. He received an approved sentence that included a bad-conduct discharge, confinement at hard labor for two months, forfeiture of $250.00 pay per month for four months, and reduction to the grade of Private E–1.

On appeal, appellant asserts that two errors deprived him of a fair trial. He asserts (1) that the military judge committed error by not declaring his pleas of guilty to wilful destruction of private property and larceny improvident when evidence was placed before the trial court which raised an inconsistency with the appellant's responses during the providency inquiry, and (2) that the appellant was prejudiced by the admission of three non-judicial punishments offered by the prosecution during the sentencing portion of the trial.

We find no prejudicial error was committed in this case and affirm the appellant's conviction for the following reasons.

### I

It is well established that if an accused, after a plea of guilty, sets up matter inconsistent with his pleas, the trial judge must either resolve the inconsistency or reject the guilty plea and enter a plea of not guilty in the accused's behalf.[1] The mandate of *United States v. Care*[2] requires that before a plea of guilty can be accepted the military trial judge must personally de-

---

1. *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972).

2. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

termine by questioning the accused whether his acts or omissions constitute the offense or offenses charged.

Here, the appellant initially responded adequately to the inquiry of the trial judge during the providency inquiry. The appellant described how the offenses were committed over a five hour period and how he had gained entrance into three automobiles for the purpose of committing larceny. In addition, he described the methods employed in prying open the glove compartments on the respective automobiles and gratuitously told the military judge that in one instance he had torn the fabric covering on the dash board on one of the vehicles. Finally, he described how some of the tapes stolen from the vehicles were disposed of at a pawn shop and his apprehension by the Army Criminal Investigators upon a second attempt to sell the stolen property.

After the trial judge had determined the appellant's plea to be provident, the appellant testified during the sentencing portion of the trial. In response to a question by his defense counsel as to whether he could provide the court some explanation as to why he had committed the offenses to which he had pled guilty, the appellant responded: "I just was out having a couple of beers on the night it happened and I was watching T.V. and it just came into my head and I went out and done it." Counsel then asked the appellant how many beers had he consumed and he replied: "about six or seven." The trial judge did not inquire further into the matter.

■ Voluntary intoxication is a special defense. However, a person must be so drunk at the time he allegedly committed the offenses in question that his mental faculties are affected to such a degree as to raise a reasonable doubt that he entertained the requisite specific intent. With regard to larceny, this element would be to deprive the true owner of his property permanently and, with regard to wilful destruction of private property, the element would be to willfully damage or destroy the property of another.[3]

■ Here, there was no showing that the appellant was even intoxicated. All that was shown was that over an apparent span of at least five hours he had consumed six or seven beers. In view of the clarity of the appellant's responses during the providency inquiry and the fact that there was no showing of even an inference of intoxication, we do not believe the special defense of voluntary intoxication was raised by the evidence to require a further inquiry by the military judge in this case.[4] Accordingly, we find no abuse of discretion on the part of the trial judge.

## II

Appellant, citing *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), further asserts that the military judge committed error by admitting into evidence in aggravation of punishment records of three non-judicial punishments imposed upon the appellant without ascertaining whether the appellant waived his right to counsel at the time that the non-judicial punishments were imposed upon him.

■ *Booker* stands for the principle that an accused should have been advised of his right to confer with counsel in connection with the exercise of his option for disposition of an offense under summary court-martial procedures. Absent compliance with the foregoing proviso, evidence of a resulting summary court-martial conviction[5] is inadmissible in a subsequent trial.

---

3. *See* paragraph 154a(3), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Ferguson*, 17 U.S.C.M.A. 441, 38 C.M.R. 239 (1968), and the cases cited therein.

4. *United States v. Wright*, 6 U.S.C.M.A. 186, 19 C.M.R. 312 (1955); *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

5. The factual circumstances under which *Booker* was decided limited its application to summary court-martial procedures although language employed in the opinion appeared to extend the rule to non-judicial punishment. *See United States v. Gordon*, 5 M.J. 653 (A.C. M.R.1978), *pet. denied*, 5 M.J. 361 (C.M.A. 1978). Also footnote 20 of the *Booker* opinion

In the later case of *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), the requirements set forth in *Booker* (which were expressly acknowledged to have been obiter dictum as regards non-judicial punishment) were now determined to be applicable to non-judicial punishment. *Booker* was determined to be only prospective in application. *United States v. Cannon*, 5 M.J. 198 (C.M.A.1978).[6] For the identical reasons set forth in *Cannon*, we believe *Mathews* should also be prospective in application.

The records of non-judicial punishments here were offered and admitted into evidence in aggravation of punishment during a trial conducted on October 25, 1978. As this trial was concluded some six months

prior the decision in *Mathews*, we hold that the new rules enumerated in *Mathews* were not applicable to this case. Accordingly, we find no error.

The approved findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge LEWIS concur.

---

provided that in order for waiver of consultation with an independent counsel to be effective, such waiver must be in writing and establish a voluntary, knowing, and intelligent decision to forego removal to a criminal proceeding with its constitutional protections.

**6.** *See also United States v. DeOliveira*, 5 M.J. 623 (A.C.M.R.1978). *Cannon* established that *Booker* should be applied to cases tried or re-

tried after publication of *Booker* on 11 October 1977. As the rationale of the *Booker* opinion only dealt with procedures employed in summary court-martials, the determination of its prospective application as set forth in *Cannon* was also limited to that restricted application notwithstanding the fact that the latter opinion stated it included non-judicial punishment.