UNITED STATES, Appellee,

v.

Private E-1 Timothy L. CLARK, SSN 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, United States Army, Appellant.

SPCM 13763.

U. S. Army Court of Military Review.

10 July 1979.

Major Benjamin A. Sims, JAGC, Major D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Robert B. Williams, JAGC, and Captain Harry J. Gruchala, JAGC, were on the pleadings for appellee.

Before JONES, WATKINS and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

JONES, Senior Judge:

The appellant was charged with buying stolen property, a stereo receiver, stealing the receiver and other stereo equipment, and housebreaking in violation of Articles 134, 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 921 and 930. After appellant's plea of guilty to buying stolen property was accepted, the military judge granted the prosecution's motion to dismiss the larceny and housebreaking charges. The court with members then sentenced appellant to a bad-conduct discharge, forfeiture of $279.00 pay per month for six months, and confinement at hard labor for six months. The convening authority reduced the period of confinement to 75 days in accordance with a pretrial agreement and approved the discharge and forfeitures.

The appellant alleges that the military judge improperly received into evidence in aggravation a record of vacation of suspension of punishment under Article 15, UCMJ, 10 U.S.C. § 815. Appellant asserts that the record does not meet the minimum due process considerations announced in *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977).

The record of vacation of suspension of punishment (reduction in grade) was prepared in accordance with paragraph 3–17, AR 27–10, and was properly in appellant's personnel file. As such it was admissible pursuant to paragraph 75d, Manual for

Courts-Martial, United States, 1969 (Revised edition).

The trial defense counsel objected to the admissibility of the record arguing that it did not comply with *Booker*, and appellate defense counsel repeats the argument here. Appellate government counsel, on the other hand, argues that *Booker* is not applicable because the vacation proceeding did not rise to the level of a parole revocation proceeding, citing *Morrissey v. Brewer*, 407 U.S. 471, 92 S.Ct. 2593 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).[1]

■ We agree that the rule set out in *Booker* does not apply to the vacation proceedings, but not for the reason advanced by the Government. The decision in *Booker* and the subsequent decision in *United States v. Mathews*, 6 M.J. 357 (C.M.A.1979), were perceived by the Court of Military Appeals as necessary limitations on the use of records of prior disciplinary actions in subsequent trials. The Court felt that a limitation on the use of those records was compelled as a result of the decision of the Supreme Court of the United States in *Middendorf v. Henry*, 425 U.S. 25, 96 S.Ct. 1281 (1976). The procedures prescribed were designed to insure that a serviceman facing a summary court-martial or non-judicial punishment under Article 15, UCMJ, was fully advised of the legal ramifications of accepting the disciplinary action proposed. Compliance with the procedures must be established before a waiver of the right to demand a criminal trial with its attendant constitutional protections would be recognized.

Article 15 vacation proceedings are follow-on actions of the original proceeding. There is no requirement that the service member accede anew to the procedure.[2] There being no right to demand a criminal trial, no waiver is involved and the reason for *Booker* fails to materialize.

We are deciding here only the question of whether the requirements of *Booker* and *Mathews* are applicable to records of Article 15 vacation proceedings. The appellant has alleged no due process infirmities in the conduct of the proceedings themselves and we decline to assume any.[3]

We have considered other errors and conclude they do not warrant discussion or corrective action.[4]

The findings of guilty and the sentence are affirmed.

Judge WATKINS and Judge LEWIS concur.

---

1. Those cases dealt with the due process requirements of parole and probation revocation hearings wherein the respondents were facing incarceration. Incarceration was not involved in the vacation proceeding here.

2. The notice and hearing requirement of paragraph 134(4), Manual for Courts-Martial, United States, 1969 (Revised edition), for vacation of the suspended reduction involved in the punishment record admitted in this case is permissive only, not mandatory.

3. This Court has addressed the due process standard for Article 15 vacation proceedings in three recent cases: *United States v. Williams*, 7 M.J. 725 (A.C.M.R. 14 May 1979); *United States v. Holmes*, No. 13102 (A.C.M.R. 27 February 1978); and *United States v. Vickers*, No. 13091 (A.C.M.R. 10 February 1978).

4. a. Pretrial agreement contained a clause which is contrary to public policy:

See *United States v. Stoutmire*, 5 M.J. 724, 726 (A.C.M.R.1978).

b. Records of non-judicial punishment were inadmissible:

See *United States v. Deavers*, 7 M.J. 677 (A.C.M.R. 11 May 1979). *Cf. United States v. Gordon*, 5 M.J. 653 (A.C.M.R.1978), *pet. denied*, 5 M.J. 361 (A.C.M.R.1978); *United States v. Washington*, 5 M.J. 615 (A.C.M.R.1978), *pet. denied*, 5 M.J. 306 (C.M.A.1978). Assuming error, any possibility of prejudice mooted by convening authority action on sentence.

c. Improper rebuttal character evidence:

See *United States v. Crowell*, 6 M.J. 944 (A.C.M.R.1979); *United States v. Reis*, No. 13464 (A.C.M.R. 11 December 1978).

d. Incorporation of preliminary instructions by reference:

See *United States v. DeLosSantos*, 7 M.J. 519 (A.C.M.R.1979).