UNITED STATES, Appellee

v

HARRY L. FALLS, Private, U. S. Marine Corps, Appellant

19 USCMA 317, 41 CMR 317

No. 22,411

March 13, 1970

*Commander E. M. Fulton, Jr.,* JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Thomas F. Bastow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever,* USMC, and *Captain Lester G. Fant, III,* USMCR.

## Opinion of the Court

QUINN, Chief Judge:

After extensive inquiry into his understanding of the various specifications and the meaning and legal effects of a plea of guilty, the accused pleaded guilty to ten offenses in violation of the Uniform Code of Military Justice, 10 USC § 801, *et seq.* He was sentenced to a dishonorable discharge, confinement at hard labor for three years, and accessory penalties. The convening authority approved the findings of guilty but reduced the period of confinement to two years to conform the penalty to that provided in a pretrial agreement with the accused. A board of review affirmed.

Appellant contends that his plea of guilty to Charge III and its specifica-

tion, which alleged robbery of an automobile from Lance Corporal Morris D. Strauss, was improvident. The specification alleged that the automobile was taken by means of force and violence "from the presence" of the victim. See United States v Rios, 4 USCMA 203, 15 CMR 203 (1954). The accused maintains that a stipulation as to the circumstances of the offense indicates the taking was not from the person or presence of the victim so his plea of guilty was negatived by the evidence and should not have been received. United States v Walter, 16 USCMA 30, 36 CMR 186 (1966).

The stipulation expressly provides that it was not "the intention of the parties" to cover "every element of [the] offenses," but only to furnish "the factual background upon which to base a sentence." It would appear, therefore, that material facts were omitted as unnecessary to the purpose of the stipulation. In United States v Boberg, 17 USCMA 401, 405, 38 CMR 199 (1968), we pointed out that the failure of a stipulation to recite sufficient facts to establish guilt beyond a reasonable doubt is insufficient to demonstrate the improvidence of a plea of guilty; the recitals "must *negative* appellant's guilt if his plea thereto is to be set aside." (Emphasis supplied.)

Recognizing the necessity to negate the admissions of guilt inherent in his plea of guilty, the accused contends the stipulation reaches that level of opposition. The recitals upon which he relies are as follows:

"That on 10 November 1968 Corporal Morris D. STRAUSS, USMC was the Duty NCO in building 2881. Without objection from Corporal STRAUSS the accused, dressed in civilian clothing, entered this building and talked with Corporal STRAUSS for approximately 3 hours. Corporal STRAUSS then told the accused to leave as he was securing the area. The accused did so. When Corporal STRAUSS left the building the accused pointed a loaded .32 caliber revolver at Corporal STRAUSS

and told Corporal STRAUSS to move back into the building. After the accused and Corporal STRAUSS had re-entered the building the accused asked Corporal STRAUSS for his wallet and car keys. Corporal STRAUSS produced his car keys and $10.00. The accused took the car keys but not the money. The accused ordered Corporal STRAUSS to sit on a chair and tied him up with twine and electrical cord. The accused then left the building and returned moments later to tighten the knots in the cord. The accused did not injure Corporal STRAUSS in any way."

Critical recitals in the stipulation are inconsistent with a pretrial confession by the accused in which he acknowledged, under oath, that, while outside the building, he demanded and received from Strauss, at gunpoint, the keys to Strauss' car and then "made . . . [Strauss] go back inside" the building; after he had tied Strauss to a chair, he "went and got into the car and left." Considering the purpose of the stipulation, it is tempting to conclude that it glossed over the exact sequence of events in order to emphasize the mitigating aspects. However, even accepting the stipulation as complete, it still is consistent with the conclusion that the accused's acts constituted robbery.

Taking property from the person or presence of the owner by force, violence, or fear, with the intent to steal the property, is robbery. Article 122, Code, supra, 10 USC § 922. In most instances, the robber takes the property from the immediate possession of the owner and then flees. The nature of the offense, however, is not changed when the robber changes the order of his actions. Thus, when he effects the separation of the property from the owner by first reducing the owner to a condition which prevents him from exercising control over his property, the offense is still robbery. Here, the stipulation leaves undisturbed the inference, which is manifest in the confession, that the accused and Strauss were near the car when the accused "pointed a

318

loaded .32 caliber revolver at" Strauss, and that Strauss' removal from the immediate area was part of the accused's plan to take possession of the car. Physical removal of the owner by force or threat from an area in which he can control his property before the property is actually taken does not fragment the transaction into unrelated parts. The rule is set out in 2 Wharton, Criminal Law and Procedure, § 553 (1957), at pages 255–256, as follows:

". . . It is also deemed robbery if the accused by force compels the victim to leave the place or the room where the money or property is present and then, in the victim's absence, takes the money or property. . . . The fact that the accused and the victim were separated for a short interval does not affect the character of the offense as robbery since the victim was acting under the fear of harm threatened by the accused." [See also Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 201, at page 28–53.]

In a second assignment of error, the accused contends certain specifications should have been dismissed by the law officer before the court-martial deliberated on the sentence because these offenses were not separate for the purpose of punishment. See United States v Williams, 18 USCMA 78, 81, 39 CMR 78 (1968). It was agreed at trial that the maximum punishment to which the accused was subject included confinement for thirty-one years and six months. If each offense was considered to be separate, the maximum confinement would have been thirty-nine and a half years. It is apparent, therefore, that the parties and the law officer recognized the multiplicious nature of the offenses in issue. In addition, the law officer instructed the court members they could not, in their deliberations on the sentence, consider these offenses as a separate basis for punishment. Cf. United States v Marine, 17 USCMA 460, 38 CMR 258 (1968). Considering the instructions, the sentence imposed by the court members, and the failure of the accused to request dismissal of the multiplicious specifications, we perceive no prejudice to him resulting from the sentence procedures.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.