**UNITED STATES, Appellee,**

**v.**

**Private (E–1) Walter McCRAY, Junior, SSN 430–02–0420, United States Army, Appellant.**

**CM 436343.**

U. S. Army Court of Military Review.

19 July 1978.

Captain David L. Holmes, JAGC, argued the cause for appellant. With him on the brief was Major Benjamin A. Sims, JAGC.

Captain Harry J. Gruchala, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Lee D. Schinasi, JAGC.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

### OPINION OF THE COURT

DeFORD, Judge:

The appellant entered a plea of guilty to the charge of robbery in violation of Article 122, Uniform Code of Military Justice (UCMJ), (10 U.S.C. § 922), before a military judge sitting as a general court-martial. His plea was determined to be provident and he received an approved sentence that included a bad-conduct discharge, confinement at hard labor for one year, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Our review of the appellant's case is pursuant to Article 66, UCMJ (10 U.S.C. § 866).

822

On appeal, appellant through counsel, alleges prejudicial error was committed by the trial judge in the procedures he employed during the trial and the included providency inquiry. Particularly, appellant complains (1) that his plea of guilty was improvident as his factual recitation contradicted his plea; (2) in the same vein, appellant states that his plea was improvident by reason of the use by the court of Appellate Exhibits III (Waiver of Rights in Guilty Plea Cases) and IV (Stipulation Showing Lack of Pretrial Agreement); (3) that the trial judge misadvised the appellant as to his appellate rights and interferred with his appellate attorney-client relationship in violation of public policy; (4) the trial judge committed error by failing to fully advise the appellant of his right to present matters in extenuation and mitigation; (5) that the trial judge erred in admitting two Article 15 punishments in evidence without a showing that appellant was informed of his right to confer with counsel or waiving right to counsel at the time of their imposition; and (6) that the cumulative effect of all the foregoing errors committed by the military judge requires dismissal of appellant's conviction.

We have reviewed appellant's assignments of error and conclude that no prejudicial error was committed in this case. However, we believe the Court's views on some of the alleged assignments may prove to be useful.

I

The operative facts with which we are concerned on the first assignment of error are that during the providency inquiry appellant admitted his complicity in the preliminary planning of the robbery and that during the execution of the plan, appellant struck the cab driver in the head with a bunk adapter. He then stated, that at the time of the assault, the cab driver had the money bag in his hand. Appellant further said, that following the assault, the cab driver left the cab and ran in one direction

and that he ran in the opposite direction. After departing the cab, appellant asked his accomplice if he had the money and upon learning that he did not, returned to the cab. He did not state where he took possession of the money bag.

The trial judge then asked the government prosecutor if he had conducted an inquiry as to whether the appellant had taken the money from the person of the victim as alleged. Upon receiving an affirmative response, the trial judge inquired of counsel whether the victim's statement could be stipulated into the record in order that the court could be aware of what had happened during the incident. The victim's statement was stipulated in the record (Prosecution Exhibit 8) in which the victim states that the money bag was in his hand and at the time he was struck, the man in the rear of the cab (the appellant) tore the bag from his grip and fled.

The inconsistency, if such there was, rests between the versions of the appellant, McCray, and the victim. Appellant's co-conspirator, Wilkins, testified that McCray had the money bag in his hand as he ran from the cab.

Appellant's appellate defense counsel allege that the evidence elicited during the providency inquiry conducted by the trial judge raised a substantial inconsistency which was not resolved as there was no showing that the money taken was from "the person of the victim" or "in the presence of the victim" and as such the plea was improvident.

The Court of Military Appeals in United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), established that the trial judge must question an accused about what he did or did not do and what he intended, to make clear the basis for a determination by the trial judge whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty. The requirement includes the application of the facts to the explained elements of the offense.[1] If an accused after

1. The decision in United States v. Care, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), was

based upon United States v. Chancellar, 16 U.S.C.M.A. 297, 36 C.M.R. 453 (1966), and in-

a plea of guilty sets up matter which is inconsistent with the plea, the military judge is required to enter a plea of not guilty and the court shall proceed as though the accused had so pleaded.[2]

In order for matter to be raised and be considered inconsistent with a plea of guilty there must be a *substantial* indication of a direct conflict between the accused's plea and his subsequent statements.[3] The mere possibility of inconsistency or conflict does not trigger the provision of Article 45(*a*), *supra.*[4]

An examination of the crime of robbery indicates that under the common law, it was not necessary that the property described in the charge should be taken from the physical person of the victim.[5]

■ Paragraph 201 of the Manual[6] provides in part that the particular thing charged as the subject of the robbery must be taken from the "person of another or in his presence." The requirement of "taking from the person" is satisfied by a showing of a taking from the presence under statutes defining robbery as a felonious taking from the person.[7] "Presence" within the rule that a taking of property from the presence of another may constitute robbery, means a possession or control so immediate that violence or intimidation is essential to remove it. A thing is in the presence of a person with respect to robbery, which is so within his reach, inspection, observation or control that he could, if not overcome by violence or prevented by fear, retain posses-

sion of it. The thrust of Article 122 and the distinctive characteristic of the crime of robbery is that the violence to the victim or putting him in fear is the means by which the property is taken from his possession and control.[8] Accordingly, the difference between evidence which shows the taking from the presence of the victim and the charge which alleges the taking from "the person" of the victim does not constitute a fatal variance.[9]

■ Turning to the case before us, the evidence adduced during the providency inquiry showed that the victim either had his money bag in his hand or immediately next to his person at the time of the criminal assault upon his person. Further, it was shown that the victim's property was removed from his possession and control as a direct consequence of the aggravated assault upon his person. The fact that there appeared a variance between the statement of the victim as stipulated by the parties and the appellant's obvious incomplete version of the events as elicited by the trial judge did not create an inconsistency. In view of the applicable law and the factual circumstances of this case, there was no substantial improvidency shown to warrant the trial judge setting aside the appellant's plea of guilty and the accused's guilt was established during the providency inquiry.

## II & III

■ As noted, appellant alleges in his second and third assignments of error that

fluenced by decisions of the United States Supreme Court in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969); and *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In *Chancellar, supra,* the Court considered the legislative background of Article 45, UCMJ, relating to guilty pleas which require that the accused admit doing the acts charged in order that an express admission of factual guilt be placed on the record.

2. Article 45(*a*), UCMJ.

3. *United States v. Logan*, 22 U.S.C.M.A. 349, 47 C.M.R. 1 (1973).

4. *Id.,* Note 3.

5. *People v. Braverman*, 340 Ill. 525, 173 N.E. 55 (1930).

6. Manual for Courts-Martial, United States, 1969 (Revised edition).

7. *Cf. Norris v. United States*, 152 F.2d 808 (5th Cir. 1946), *cert. denied* 328 U.S. 850, 66 S.Ct. 1118, 90 L.Ed. 1623; *United States v. Dixon*, 152 U.S.App.D.C. 200, 469 F.2d 940 (1972); *State v. Hayes*, 518 S.W.2d 40, (Mo.1975); *see* 123 ALR 1093.

8. *United States v. Falls*, 19 U.S.C.M.A. 317, 41 C.M.R. 317 (1970).

9. *State v. Hayes, supra.*

his plea was improvident by reason of the court's use of certain forms denominated "Waiver of Rights in Guilty Plea Cases (Appellate Exhibit III) and Stipulation Showing Lack of Pretrial Agreement (Appellate Exhibit IV). Also, improvidency is alleged as a consequence of the trial judge's misadvice concerning appellant's appellate rights and interference with appellant's appellate attorney-client relationship. The use of the foregoing forms and procedure employed by the trial judge have heretofore been considered and generally condemned. *United States v. Onan*, 5 M.J. 514 (A.C.M.R. 1978). We endorse the majority views in that case and find here, as in *Onan*, that no prejudice enured to this appellant.

## IV

In appellant's fourth assignment, he alleges that the trial judge erred in failing to fully advise the appellant of his rights in extenuation and mitigation of punishment. Specifically, counsel complains that the trial judge (1) failed to tell the appellant that if he elected not to testify, the failure to do so would not be held against him; (2) that the trial judge failed to explain the difference between a sworn and unsworn statement; and (3) that the judge failed to advise that appellant's attorney could make a statement in his behalf even if the appellant also made a statement.

██ We believe this complaint totally lacks merit. In *United States v. Hawkins*, 2 M.J. 23 (CMA 1977), it was held that the trial judge is only required to inquire of an accused concerning his rights as to allocation prior to sentencing. This mandatory responsibility is imposed pursuant to the requirements of paragraph 53h of the Manual. However, the responsibility of the trial judge to remind an accused of his rights as to allocation does not reach the degree as requested by counsel here. It is sufficient if the court advises an accused of his right to remain silent, to make a sworn, or to make an unsworn statement. The basic responsibility for advising an accused of his rights rests with his counsel. The requirements of paragraph 53h of the Manual do not change or expunge that responsibility.

Here, the appellant was fully advised of his rights of allocution. There was no error committed.

## V

██ Appellant, as noted, alleges the trial judge erred in admitting two Article 15 punishments in evidence without a showing that appellant was advised of his right to confer with counsel or that he waived his right to counsel at the time of their imposition. *United States v. Booker*, 3 M.J. 443 (CMA 1977). This assignment also lacks merit. The appellant's trial was conducted on 8 June 1977. *United States v. Booker*, was not decided until 11 October 1977 and is not retrospective in application. *United States v. Cannon*, 5 M.J. 198 (CMA 1978).

The remaining assignment of error has been considered and is deemed to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge MITCHELL concur.