**UNITED STATES, Appellee,**

v.

**Private E2 Ricky R. SMITH, SSN 098–58–8201, United States Army, Appellant.**

**SPCM 16363.**

U. S. Army Court of Military Review.

12 Nov. 1981.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, and Captain Steven T. Cain, JAGC, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas of guilty, the appellant was convicted of three specifications of disobeying the lawful order of a noncommissioned officer and two specifications of disrespect to a noncommissioned officer, in violation of Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891 (1976). Contrary to his pleas, he was convicted of communicating a threat, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 pay per month for three months, and reduction to the grade of Private E-1. The convening authority approved the sentence.

The appellant contends for the first time on appeal that two of the specifications alleging disobedience of a noncommissioned officer on 7 and 21 May 1981 (Specifications 2 and 5 of Charge I, respectively) are multiplicious for findings purposes with two of the specifications alleging disrespect to a noncommissioned officer (Specifications 3 and 4 of Charge I, respectively). *United States v. Virgilito*, 22 U.S.C.M.A. 394, 47 C.M.R. 331 (1973); *United States v. Croom*, 1 M.J. 635 (A.C.M.R. 1975).

With regards to the 7 May 1981 disobedience offense we find that the manner of disobedience alleged in that charge, not going to the motor pool, did not embrace the disrespectful language later uttered by the appellant, "F_____ no, you already had me wrote up, I'm not going no f_____ where." Thus, the two offenses did not stand in the relationship of greater and lesser offenses so as to be multiplicious for finding purposes. *United States v. Virgilito, supra*. However, with regards to the offenses occurring on 21 May 1981, we find that the disrespect to the noncommissioned officer alleged in the specification was the sole means by which the accused expressed defiance of the order. Therefore, the disobedience and disrespect offenses were mul-

tiplicious for findings purposes as well as sentencing purposes.*

Had the accused requested at trial that the lesser offense of disrespect to a noncommissioned officer be dismissed that relief should have been granted. *United States v. Stegall*, 6 M.J. 176 (C.M.A. 1979). We now turn to consider whether in the absence of a request at trial or in the defense counsel's comments on the staff judge advocate's review the multiplicious charge should be dismissed and the sentence reassessed.

█ The general rule is that a failure to object at trial constitutes waiver of the issue on appeal except in those cases involving clear error or error which could result in a manifest miscarriage of justice or otherwise seriously affect the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Stringer*, 4 U.S.C. M.A. 494, 16 C.M.R. 68 (1954); *United States v. Beaudion*, 11 M.J. 838 (A.C.M.R. 1981); *see also* Mil.R.Evid. 103(a).

█ However, in *United States v. Gibson*, 11 M.J. 435 (C.M.A. 1981), the most recent decision by the Court of Military Appeals on the issue of multiplicity, the Court directed that one of the multiplicious charges be set aside and the charge dismissed, and that the punitive discharge be set aside or a rehearing on a sentence ordered. This result was reached notwithstanding the defense's failure to ask that the multiplicious offense be dismissed prior to sentencing and notwithstanding the trial judge's remark that he would consider the offenses multiplicious for sentencing. This decision would seem to compel us to dismiss and reassess in the instant case.

The result in *Gibson* is contrary to the result the Court reached in *United States v. Falls*, 19 U.S.C.M.A. 317, 41 C.M.R. 317 (1970). In *Falls* the Court held that failure to dismiss a multiplicious specification was not prejudicial because the law officer recognized the multiplicious nature of the charged offenses and instructed the court members that they could not consider the multiplicious offenses as a separate basis for punishment. There was no request at trial to dismiss the multiplicious specification and the Court declined to do so on appeal.

This result again differed from that reached by the Court in *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968). There the Court found no prejudice in the sentencing procedure but the Court dismissed one of the multiplicious offenses. Again the trial court recognized that the offenses were multiplicious for sentencing. Again there was no request at trial to dismiss the multiplicious specification.

We agree with our brothers of another panel who in a recent unpublished decision opined that they did "not believe that *Gibson* intended to set a rule of general prejudice if multiplicious findings were not dismissed prior to sentencing." Nor do we believe that *Gibson* requires a multiplicious specification be dismissed even in the absence of a defense request at trial. *United States v. Falls, supra; United States v. Sweney*, 48 C.M.R. 476 (A.C.M.R. 1974); *see United States v. Holsworth*, 7 M.J. 184 (C.M.A. 1979). Rather, *Gibson* must be viewed in the context of the special circumstances of that case. These special circumstances included the fact that *Gibson* involved what, at first blush, appeared to be both serious and separate crimes. Moreover, unlike the *Falls* case, *Gibson* was a contested case. The Court could not rely on a plea of guilty to indicate the accused's willingness to disregard an error in the proceedings. *See United States v. Engle*, 1 M.J. 387 (C.M.A. 1976). Finally, the Court's ruling in *Gibson* was predicated upon the "unusual circumstances" of that case which along with the appellant's youth, induced the military judge to recommend that sus-

---

* Appellant was tried before a military judge sitting as a special court-martial. Although the military judge never specifically stated that he considered the specification multiplicious for sentencing purposes, the providency inquiry leaves little doubt that he was aware that the offenses were so connected in time, place and circumstance as to merge for punishment purposes. We apply the rule that the military judge is presumed to know the law. Accordingly, we are convinced that he considered the offenses multiplicous for sentencing purposes.

pension of the punitive discharge be considered.

Finding no prejudice to the accused from the military judge's failure to dismiss the multiplicious specification in this case and in the absence of a defense request to dismiss at trial, we now decline to do so. The findings of guilty and the sentence are affirmed.