UNITED STATES, Appellee,

v.

Private (E–1) Mike L. JARAMILLIO,
SSN 457–96–8209, United States
Army, Appellant.

SPCM 17105.

U. S. Army Court of Military Review.

30 April 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Warren G. Foote, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major Rexford T. Bragaw, III, JAGC, and Captain Jessica A. Polley, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of two periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886 (1976), and sentenced to a bad-conduct discharge, which was approved by the convening authority.

During sentencing, the trial counsel presented the appellant's DA Form 2–1 (Personnel Qualification Record—Part II,

January 1973) to the court members and called specific attention to Item 35, showing that the appellant previously had been a "trainee" at the US Army Retraining Brigade. The trial defense counsel had objected to admission of the DA Form 2–1 on the ground that the authenticating certificate was defective and had objected to the entries in Item 35 on the ground that they were inadmissible evidence of a prior conviction. We hold that the military judge erred by overruling both objections.

■ The authenticating certificate was defective because it was prepared for the signature of a captain who was the custodian of the document, but instead it was signed by a warrant officer whose duty position and relationship to the document was not indicated. In the absence of any evidence that the authenticating certificate was signed by someone who had a duty to maintain the record, the certificate was defective. Mil.R.Evid. 902(4a). Accordingly, we conclude that the defense objection should have been sustained.

■ Likewise, the defense objection to the evidence of the appellant's "trainee" assignment at the Retraining Brigade should have been sustained. Unlike the evidence of time lost due to unauthorized absence in Item 21 of DA Form 2–1, which is computed independently of any judicial or nonjudicial action [1] the assignment of the appellant as a "trainee" would have occurred only as a result of a conviction by court-martial and a sentence which included confinement. See Army Regulation 190–47, Military Police, The United States Army Correctional System, 1 Oct 78, as amended by Change 1, 1 Nov 80, paragraphs 4–2b(1), 13–6. It makes no difference whether a conviction is proved through Items 21 and 35 of DA Form 2–1, a DA Form 2–2 (Insert to Personnel Qualification Record of Previous Convictions, November 1974), a promulgating order, or a DD Form 493 (Extract of Military Record of Previous Convictions, March 1970), the requirement is the same: finality must be proven, and if the conviction was by a summary courts-martial compliance with *Booker* [2] must be established. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75b(3)(b) (as amended by Executive Order 12315, 29 July 1981). While in some cases finality may be inferred from the passage of time, it cannot be ascertained in this case whether the confinement, which was of 24 days' duration, was adjudged by a summary court-martial and, if so, whether the *Booker* requirements were met. Accordingly, the entry should have been excluded upon timely objection.

■ The findings of guilty are affirmed. The sentence is set aside. A rehearing on the sentence may be ordered by the same or a different convening authority.

Senior Judge CARNE and Judge O'DONNELL concur.

---

1. See Army Regulation 630–10, Personnel Absences, Absence Without Leave and Desertion, 15 January 1980, paragraph 1–8c; Army Regulation 640–2–1, Personnel Records and Identification of Individuals, Personnel Qualification Records, Table 3–2; Department of the Army Pamphlet 600–8, Military Personnel, Management and Administrative Procedures, 1 March 1982, Procedure 9–8.

2. *United States v. Booker,* 5 M.J. 238 (C.M.A. 1977).