UNITED STATES, Appellee,

v.

Private (E–2) Gerald N. WARREN, SSN 237–15–2158, United States Army, Appellant.

SPCM 17456.

U. S. Army Court of Military Review.

22 Feb. 1983.

Captain Paul J. Moriarty, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr, JAGC, and Captain David M. England, JAGC.

Captain John J. Park, Jr., JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before FULTON, COKER and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Stemming from a disorder occurring outside a bowling alley at Fort Hood, Texas, on the evening of 31 January 1982, the appellant was convicted by a special court-martial of failing to obey a military policeman's order to produce his identification card (Additional Charge II; Article 92, UCMJ, 10 U.S.C. § 892), being disorderly by responding "fuck you" to the military policeman (Additional Charge III; Article 134, UCMJ, 10 U.S.C. § 934), and resisting lawful apprehension by the same military policeman (Additional Charge II; Article 95, UCMJ, 10 U.S.C. § 895). His approved sentence includes confinement at hard labor for six months, forfeiture of $367.00 pay per month for six months, and separation from the service with a bad-conduct discharge.

### I

Of the several assignments of error for our consideration in this review pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (1976), the following five are without merit for the reasons indicated:

a. The military judge did not abuse his discretion by declining to order the prosecution to obtain and deliver to the defense copies of statements allegedly made by witnesses to the incident who were not called as witnesses at the trial. The trial counsel asserted that he already had produced such statements as could be identified. The defense counsel's discovery request had been made only the day before the trial. At the trial the following day, the defense counsel, although purporting to renew the request for the statements, did not press the matter and expressly declined to seek a delay in the trial to permit search for and production of additional statements.

b. As for appellant's contention that the military judge abused his discretion by declining to rule in advance of appellant's testimony that his previous conviction by a summary court-martial could not be used to impeach him, we note that not only was there a possible question as to the admissibility of the evidence the defense contended it wished to present but the conviction was not inadmissible on the ground asserted by the defense. We conclude, therefore, that there was no abuse of judicial discretion despite the considerable risks involved, and we find no indication that appellant's defense was prejudiced in any way.

c. The military judge did not err in failing sua sponte to instruct the court members on the defense of mistake of fact. In relation to the element of knowledge in the offenses involved, he correctly gave the defense-requested instruction on the defense of intoxication and submitted the case to the court members on the defense theory. The defense did not raise mistake of fact separately from the defense of intoxication.

d. Army regulations limiting the United States Disciplinary Barracks as a place of confinement to only those accused persons who had been sentenced to confinement for a term of nine months or longer did not deprive appellant of equal protection of the law on the ground that rehabilitation programs at the Disciplinary Bar-

racks were superior to those of the local detention facility, nor did the convening authority abuse his discretion in declining to disapprove the confinement portion of the sentence on that basis.

e. Last, we disagree with appellant's contention that certain offenses were not separately punishable. The offense of disobeying the order to produce identification, we hold, did not merge for punishment purposes with the subsequent offense of resisting apprehension, which encompassed more than the mere refusal. Likewise, we hold that the disorderly response to the military policeman was not the sole means by which appellant expressed defiance of the order, which was given twice. Cf. United States v. Smith, 12 M.J. 654 (A.C.M.R. 1981), pet. granted, 13 M.J. 12 (C.M.A.1982) (different issue). Therefore, neither did those offenses merge for punishment.

## II

The Court does, however, perceive error in the admission into evidence during the sentencing proceedings of certain information set forth in appellant's military personnel records. The error came about in the following way: The government sought to introduce into the sentence proceedings a promulgating order and extract record of appellant's conviction by a summary court-martial at Fort Campbell, Kentucky, on 17 June 1981. The military judge excluded this evidence because, although the documents showed that the conviction was final and was for offenses committed within six years previous to the instant offenses, the documents failed to indicate that appellant had been advised of, and afforded, the opportunity to consult with legal counsel as required by United States v. Booker, 5 M.J. 238 (C.M.A.1977), vacated in part, 5 M.J. 246 (C.M.A.1978). See United States v. Taylor, 12 M.J. 561 (A.C.M.R.1981). But cf. United States v. Spivey, 10 M.J. 7 (C.M.A. 1980) (military judge may inquire whether accused was advised of right to consult counsel); United States v. Cowles, 13 M.J. 731 (A.C.M.R.), certified, 13 M.J. 242, 14 M.J. 105 (C.M.A.1982) (same).

Besides these excluded documents evidencing that appellant had been convicted by a summary court-martial, the government offered in evidence appellant's Personnel Qualification Record—Part II (DA Form 2–1) which included entries indicating that appellant had been assigned to the Fort Campbell, Kentucky, Installation Detention Facility in a confined status beginning 17 June 1981, and was transferred in a confined status to the United States Army Retraining Brigade at Fort Riley, Kansas, on 22 June 1981, and there changed from confined to trainee status on 10 July 1981.

The defense counsel objected, albeit unsuccessfully, to the admission into evidence of that record because the court members would infer from appellant's transfer to the Retraining Brigade that he had been convicted by a court-martial and, under the circumstances, this "would be a method of allowing the government to introduce otherwise inadmissible evidence to the court members."

We agree. The personnel record entries in question, which independently show a conviction by court-martial, should have been excluded from evidence under the circumstances, of this case.

One panel of this Court has stated, either as dictum or an alternative holding, that such entries are inadmissible evidence of a prior conviction since they fail to show that the conviction became final and that, should the conviction have been by a summary court-martial, the requirements of Booker were met. United States v. Jaramillio, 13 M.J. 782 (A.C.M.R.1982) (no authority cited). We need not go so far. We hold only that, when documentary evidence of a summary court-martial conviction has been excluded from evidence on the basis that required compliance with Booker has not been demonstrated, we will not permit the Government to introduce through the back door what it cannot properly introduce through the front door. United States v. Brown, 11 M.J. 263, 266 (C.M.A.1981). In addition, "[s]uch an outcome would turn the best-evidence rule on its head." United States v. Krewson, 12 M.J. 157, 160 (C.M.A. 1981).

The findings of guilty are affirmed. However, reassessing the sentence based on the error noted and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for six months (served) and discharge from the service with a bad-conduct discharge.

Judge COKER and Judge NAUGHTON concur.