UNITED STATES, Appellee,

v.

Specialist Five James F. PRESTO, SSN 422–86–0408, United States Army, Appellant.

CM 443261.

U.S. Army Court of Military Review.

18 April 1984.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire II, JAGC, Captain Warren G. Foote, JAGC, and Captain Rita R. Carroll, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

OPINION OF THE COURT

WOLD, Senior Judge:

Pursuant to his pleas of guilty, appellant was convicted of wrongful sale of 567.59 grams of marijuana on 14 May 1982, wrongful possession of 38.74 grams of marijuana and 2.93 grams of marijuana in the hashish form on 17 May 1982, and attempting to sell three kilograms of mari-

juana on 14 May 1982, violations of Articles 134 and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 934 and 880 (1976). Appellant was sentenced by members to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $75.00 pay per month for six months and reduction to the grade of Private E–1. The convening authority approved the sentence but suspended execution of that portion adjudging confinement in excess of three months.

Appellant contends that his plea of guilty to the offense of attempted sale of marijuana was improvident because the facts as developed at trial established that his conduct amounted to no more than mere preparation, at which point appellant voluntarily abandoned his criminal purpose.

Appellant's statements during the trial judge's providence inquiry and the stipulation of fact submitted in connection with the plea of guilty establish that appellant had made a large sale of drugs to an undercover police agent near Stuttgart, Federal Republic of Germany, on 14 May 1982. When appellant delivered the drugs to the agent on 14 May he agreed to sell an even larger quantity of drugs (three to ten kilograms) to the agent on 17 May for 6,000 Deutsche Marks per kilogram. The agent was to pay appellant the purchase price for the 14 May sale ($1350.00) upon consumation of the 17 May sale. Pursuant to these arrangements, appellant telephoned the source who had supplied him with the 14 May drugs (two "Africans" who lived in the same off-post quarters as appellant) and placed an order for the drugs he needed for the second sale. Appellant made "a couple" of later telephone calls to his supplier to check on their progress toward filling his order. The agent called appellant on 17 May to confirm the scheduled sale. Appellant told him that he had not been able to obtain possession of the drugs and suggested that they go to Hamburg to get them. The agent declined. Appellant subsequently abandoned the 17 May sale

project, but not his efforts to obtain the money owed him for the 14 May sale.

We begin with some basic observations about the law of attempts. Article 80(a), UCMJ, 10 U.S.C. § 880(a), provides that:

> An act, done with specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

In *Commonwealth v. Peaslee*, 177 Mass. 267, 272, 59 N.E. 55, 56 (1901), Justice Holmes observed, "[P]reparation is not an attempt. But some preparations may amount to an attempt. It is a question of degree." There is no hard and fast rule to resolve the distinction between preparation and attempt. "The crucial part of this issue is whether the overt acts of the accused transcend preparation and amount to an attempt. In other words, did the accused's conduct constitute a 'direct movement towards the commission of the crime.' ... The line of demarcation between preparation and a direct movement toward the offense is not always clear. Primarily, the difference is one of fact, not law." *United States v. Choat*, 7 U.S.C.M.A. 187, 191, 21 C.M.R. 313, 317 (1956).[1]

■ We have adopted a two-tiered inquiry to determine when acts pass the line of demarcation between preparation and direct movement toward the offense. First, the accused must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting. Second, the accused must have engaged in conduct which constitutes a substantial step toward commission of the crime. A "substantial step" is conduct which is strongly corroborative of the firmness of the accused's criminal intent. *United States v. Goff*, 5 M.J. 817 (A.C.M.R.1978), following *United States v. Mandujano*, 499 F.2d 370 (5th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812

---

**1.** *Accord, United States v. Reid,* 12 U.S.C.M.A. 497, 31 C.M.R. 83 (1961).

(1975).[2] In short, "[t]he offense consists principally of the intention with which the preparations were made.... And this must be a fixed intention...." *United States v. Quincy,* 31 U.S. (6 Pet.) 445, 466, 8 L.Ed. 458 (1832).

■ We hold that the appellant's acts constituted a substantial step toward the sale of marijuana and that his plea of guilty to the offense of attempted sale of marijuana was provident.

Appellant clearly had powerful motives impelling him to commit the 17 May sale. Not only could he look forward to the profit to be made from a multi-thousand dollar drug transaction, but collection of the $1350.00 due him for the 14 May sale was contingent on consummation of the 17 May sale. Appellant already had a willing buyer who had made a firm offer and a source apparently willing to supply the merchandise. Appellant promptly placed the order with his supplier and checked on its progress twice in a two or three-day period. When his regular source failed him, he tried to arrange a joint trip to the relatively distant city of Hamburg to obtain the drugs. Under these circumstances, placing an order with the supplier was the final step necessary to complete the transaction, save only the formalities of the exchange of the drugs for the purchase money. Short of growing and processing the drugs himself, appellant could hardly have done more.

We find these circumstances clear proof of appellant's culpability, of the fixed nature of his intent to sell marijuana, and of the substantial and direct relationship between his acts and the intended sale.[3]

■ Appellant next contends that the military judge erred in admitting the marijuana into evidence because it was packaged in a manner which suggested a larger quantity than was actually involved, thus inflamming the passions of the court members. We do not agree. The judge's instruction to the members that half of the package was packing material dissipated any possibility of prejudice.

■ Appellant also contends that he is entitled to sentence relief because he was illegally confined for thirty-six days subsequent to trial. The facility where appellant was confined failed to note that three months of appellant's sentence to confinement had been suspended until appellant had served thirty-six extra days. Appellant contends this error can only be corrected by setting aside the bad-conduct discharge. *See United States v. Krenn,* 12 M.J. 594 (A.C.M.R.) (court has authority to determine whether confinement was legal and take corrective action where necessary), *pet. denied,* 12 M.J. 64 (C.M.A.1981). Balancing the gravity of appellant's conduct against the conduct of the Government and its effect upon appellant, we are convinced that setting aside the punitive discharge is too drastic a remedy. Where the confinement has been entirely served, forfeitures may be reassessed. *United States v. Lee,* 13 M.J. 181 (C.M.A.1982).

2. *Accord, United States v. Gomez,* 15 M.J. 954 (A.C.M.R.1983).

3. In *United States v. Goff, supra,* Goff told a CID informant that he could get him some heroin. The informant gave the purchase money to Goff who drove off-post to his source. When his source told him she had no drugs for sale, Goff returned and gave the money back to the informant. We held that Goff's conduct constituted a vital and substantial step in his efforts to deliver the heroin and demonstrated the firmness of his intent to commit the crime. The only material difference between this case and *Goff* is that Goff's source did not deliver and was located some distance away, whereas appellant's source was located where appellant lived.

Appellant's telephone calls were the functional equivalent of the actions held sufficient to constitute an attempt in *Goff. United States v. Jackson,* 5 M.J. 765 (A.C.M.R.), *pet. denied,* 6 M.J. 27 (C.M.A.1978) is distinguishable. There this Court held that Jackson's actions in merely offering to sell drugs, apparently analogous to those of a door-to-door salesman, were insufficient to constitute an attempt to sell. As discussed above, appellant's acts went much further. To the extent that *United States v. Williams,* 4 M.J. 507 (A.C.M.R.1977), and *United States v. Quick,* 50 C.M.R. 112 (A.C.M.R.1975), would lead to a contrary result, we decline to follow them.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for three months, and reduction to the grade of Private (E-1).

Judge NAUGHTON and Judge COHEN concur.