UNITED STATES, Appellee,

v.

Private First Class Alan L. WOOD-WORTH, 336–62–2726, United States Army, Appellant.

ACMR 8600284.

U.S. Army Court of Military Review.

30 March 1987.

<hr />

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Captain Kathleen A. Vanderboom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC (on brief).

Before PAULEY, De GIULIO, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Pursuant to his pleas, a military judge sitting as a special court-martial found appellant guilty of larceny, housebreaking, and false swearing, in violation of Articles 121, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 930, and 934, (1982) respectively. He was sentenced to a bad-conduct discharge, confinement for five months, forfeiture of $426.00 pay per month for five months, and reduction to Private E–1. In accordance with a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for three months, forfeiture of $426.00 pay per month for three months, and reduction to Private E–1.

■ Appellant alleges, *inter alia,* that the military judge erred by admitting over objection[1] six prosecution exhibits which were not properly authenticated. We agree and will reassess the sentence.

The exhibits in question are three records of nonjudicial punishment, a letter of intention to disqualify appellant for the Good Conduct Medal award, documents disqualifying appellant from the Personnel Reliability Program, and a Bar to Reenlistment. These records were offered as records from the appellant's personnel file. Each record had the following paragraph affixed by means of a rubber stamp:

> TRUE COPY PREPARED. *30 JUN 86* .
> AUTHORIZED ONLY FOR *COURT-MARTIAL*
> AND MUST BE DESTROYED UPON •
> COMPLETION OF REQUIRED ADMINISTRATION
> ACTION.

Directly below this stamp, on two exhibits (Prosecution Exhibits 4 and 5), appear a signature and signature block as follows:

---

1. Trial defense counsel objected on the basis that there was no showing that the documents were properly filed in appellant's records. We believe this objection was sufficient to preserve the error for appellate review.

JOHN F. TOWRY
CW2, USA
Asst Mil Pers Off

On another exhibit (Prosecution Exhibit 6), directly below the stamp is a similar signature block of another assistant personnel officer. It is signed by a sergeant "for" the assistant personnel officer.

The remaining exhibits (Prosecution Exhibits 9–11) have the same "True Copy" stamp at the very top of the page. At the very bottom, separated from the stamped portion by the contents of the page, are the signature and signature block of still another assistant personnel officer.

▮ The records at issue are self-authenticating if they fall within Mil.R.Evid. 902 which provides:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4a) *Documents or records of the United States accompanied by attesting certificates.* Documents or records kept under the authority of the United States by any department, bureau, agency, office, or court thereof when attached to or accompanied by an attesting certificate of the *custodian of the document* or record without further authentication.

(Emphasis added.) The Analysis of Mil.R. Evid. 902(4a) informs us *inter alia,* that,

> An "attesting certificate" is a certificate or statement, signed by the custodian of the record or the deputy or assistant of the custodian, which in any form indicates that the writing to which the certificate or statement refers is a true copy of the record ... and the signer of the certificate or statement is acting in an official capacity as the person having

custody of the record or as the deputy or assistant thereof. *See* ¶ 143a (2)(a) of the 1969 Manual. An attesting certificate does not require further authentication and, absent proof to the contrary, the signature of the custodian or deputy or assistant thereof on the certificate is presumed to be genuine.

Manual for Courts-Martial, United States, 1984, Analysis of Mil.R.Evid. 902(4a), App. 22, A22–54. Thus, in order to authenticate a writing under Mil.R.Evid. 902(4a), the writing must have an attesting certificate which (1) indicates the writing is a true copy and which (2) is signed by the custodian of the record or his deputy or assistant. In this case we believe the first requirement has been satisfied. The stamped paragraph does state that the document is a true copy. We cannot conclude, however, that the person signing as the "Assistant Military Personnel Officer" is the custodian of the writing.[2] A designation of "Personnel Officer" is not sufficient for us to conclude that such an officer is the custodian of appellant's military personnel file.

Accordingly, we conclude that the defense objection should have been sustained. The records in question were not properly authenticated. We will correct this error by reassessing the sentence.

The remaining assignment of error is without merit. The findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record and the error noted, only so much of the sentence as provides for a bad-conduct discharge, confinement for three months, and reduction to Private E–1 is affirmed.

Senior Judge PAULEY and Judge KENNETT concur.

---

**2.** Assuming *arguendo,* that the certificate was otherwise proper, the certificate on Prosecution Exhibit 6 is defective because it was prepared for the signature of a warrant officer but was signed by a sergeant whose duty position and relationship to the document were not indi-

cated. *See United States v. Jaramillio,* 13 M.J. 782 (A.C.M.R.1982). On three of the remaining documents (Prosecution Exhibits 9–11), the relationship of the signature at the bottom of the page to the certificate at the top of the page is unclear.