UNITED STATES, Appellee,

v.

Staff Sergeant John L. THOMAS, 219–64–2162, United States Army, Appellant.

ACMR 9002824.

U.S. Army Court of Military Review.

16 Dec. 1991.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Cynthia J. Rapp, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Thomas E. Booth, JAGC, Captain Timothy W. Lucas, JAGC, Captain Glenn L. Kirschner, JAGC (on brief).

Before FOREMAN, CREAN and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A general court-martial convicted the appellant, contrary to his pleas, of making a false official statement with intent to deceive, larceny, submitting a false statement in connection with a claim against the United States, dishonorably failing to pay a debt, violating a lawful general regulation by possessing and using a counterfeit ration control plate, and using and possessing a false military identification card with intent to deceive, in violation of Articles 107, 132, 134, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 932, 934, and 892 (1982). The approved sentence provides for a dishonorable discharge, confinement for seven years, forfeiture of $500.00 pay per month for seven years, and reduction to Private E1.

The appellant contends that the military judge erred by admitting Prosecution Exhibits 1, 3, and 9, because the attesting certificates for each exhibit were "blanket authentications" that did not describe the documents being authenticated. Prosecution Exhibit 1 consists of an authenticating certificate, a copy of appellant's assignment orders, two "Personnel Action" forms (DA Form 4187), a military pay voucher, three forms pertaining to overseas housing allowance, and a lease. Prosecution Exhibit 3 consists of an authenticating certificate, three forms pertaining to overseas housing allowance, two pages of computer printouts pertaining to the appellant's monetary entitlements, a lease, and a copy of an electrical message extending the appellant's overseas tour of duty. Prosecution Exhibit 9 consists of an authenticating certificate, four forms pertaining to overseas housing allowance, two leases, an "off-post housing checklist," an electrical message extending the appellant's overseas tour of duty, and four pages of correspondence pertaining to approval of appellant's request to reside in off-post quarters. The authenticating certificate for each exhibit refers only to the "attached documents" without listing or describing the individual documents.

We hold that this assignment of error is without merit. The Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 902(4a) [hereinafter Mil. R.Evid.], requires only that documents kept under the authority of the United States be "attached to or accompanied by an attesting certificate of the custodian of the document or record." Specific listing of individual documents is not required. Of course, the appellant was free to dispute the authenticity of individual documents or present evidence that the person who signed the attesting certificate was not the custodian of the documents attached to it. No such evidence was presented.

The appellant also contends that the military judge erred by admitting Prosecution Exhibit 20, because it was not properly authenticated. Prosecution Exhibit 20

consists of an authenticating certificate, three records of nonjudicial punishment, and a copy of an electrical message from the U.S. Army Legal Services Activity, Korea, to the U.S. Army Enlisted Records Center, requesting a certified copy of the appellant's microfiche records. The authenticating certificate bears the signature block of "John D. Barth, Lieutenant Colonel, AG, Deputy Commander," but it is signed by "William H. Martin, CPT, AG," for Lieutenant Colonel Barth. Captain Martin's relationship to the appellant's microfiche records is not described on the authenticating certificate. Upon timely defense objection, the military judge agreed that the authentication was defective but he admitted the documents under the reply letter doctrine. We hold that the military judge ruled correctly.

█ The authenticating certificate for Prosecution Exhibit 20 was defective because it was signed by a captain whose duty position and relationship to the document were not indicated. *United States v. Jaramillio*, 13 M.J. 782 (A.C.M.R.1982). If a document is not self-authenticating under the provisions of Military Rule of Evidence 902, it may be authenticated under Military Rule of Evidence 901(a) by other "evidence sufficient to support a finding that the matter in question is what its proponent claims." The reply letter doctrine is a recognized means of authentication. The doctrine provides that "the arrival of a reply, in due course, purporting to be from the addressee of a prior communication, which has been duly addressed and forwarded, is sufficient evidence of the genuineness of the reply to justify its admission into evidence." *United States v. McDonald*, 32 C.M.R. 689, 691 (N.B.R.1962). It allows a document to be authenticated by "proof that it was sent in reply to a duly authenticated writing." Weinstein's Evidence Manual, paragraph 8.01[5](e); *see United States v. Weinstein*, 762 F.2d 1522, 1533 (11th Cir.1985), *cert. denied*, 475 U.S. 1110, 106 S.Ct. 1519, 89 L.Ed.2d 917 (1986) (telex message "prima facie authentic" if responsive to prior properly admitted communication).

In this case the electrical message to which the U.S. Army Enlisted Records Center replied is part of Prosecution Exhibit 20, which is not properly authenticated. Nevertheless, it was proper for the military judge to consider the unauthenticated electrical message to determine whether Prosecution Exhibit 20 was admissible under the reply letter doctrine, because he is not bound by the rules of evidence in determining admissibility. Mil.R.Evid. 104(a); *United States v. Yanez*, 16 M.J. 782 (A.C.M.R.1983), *petition denied*, 18 M.J. 292 (C.M.A.1984), and cases cited therein; *see Bourjaily v. United States*, 483 U.S. 171, 178, 107 S.Ct. 2775, 2780, 97 L.Ed.2d 144 (1987) ("The Rule on its face allows the trial judge to consider any evidence whatsoever, bound only by the rules of privilege."). The appellant was free to dispute the authenticity of the electrical message, but did not do so. Based on the evidence before him, the military judge correctly ruled that the three records of nonjudicial punishment, although not self-authenticated under Military Rule of Evidence 902(4a), were admissible under Military Rule of Evidence 901(a) and the reply letter doctrine.

We note that the court erroneously expressed the adjudged forfeitures in terms of years rather than months. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1003(b)(2). We will correct this error in our decretal paragraph.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), we have considered the issues raised personally by the appellant in his request for appellate representation, and we have determined that they are without merit.

The findings of guilty are affirmed. On the basis the error noted and the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for seven years, forfeiture of $500.00 pay per month for 84 months, and reduction to Private E1.

Judge CREAN and Judge HAGAN concur.